# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-2695

ALFRED TRUJILLO,

       Plaintiff,

v.

CUMMINS ROCKY MOUNTAIN, LLC,

       Defendant.

---

## COMPLAINT

---

Plaintiff Alfred Trujillo (**"Plaintiff"**) brings this action against Defendant Cummins Rocky Mountain, LLC (**"Defendant"**) for violations of the Surface Transportation Assistance Act, 49 U.S.C. § 31100 *et seq*. (**"STAA"**). Plaintiff further asserts two claims against Defendant for wrongful termination in violation of public policy, and states as follows.

### INTRODUCTION

1. This case involves Defendant's wrongful termination of Plaintiff in violation of public policy and the STAA. The STAA prohibits retaliation against employees for refusing to comply with an employer's violations of the Federal Motor Carrier Safety Regulations (**"FMCSR"**). Defendant required its drivers to work fourteen hour shifts without receiving ten hours of break time in between. Defendant directed Plaintiff to work in violation of the FMCSR. Plaintiff objected to Defendant's violations of the FMCSR and refused to comply with Defendant's orders to violate the FMCSR. In April 2014, Plaintiff suffered an injury while working for the Defendant. Defendant told Plaintiff not to seek worker's compensation

benefits. When Plaintiff could no longer bear the pain, he filed a worker's compensation claim. Approximately two weeks after Plaintiff applied for worker's compensation benefits, Defendant terminated Plaintiff. Defendant's termination of Plaintiff violates public policy under the Workmen's Compensation Act of Colorado, the FMCSR, and is a violation of the STAA.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and 49 U.S.C. § 31105(c) in that the Defendant transacts business in this District and the conduct complained of occurred in this District.

5. Pursuant to 49 U.S.C. § 31105 all procedural prerequisites for filing this suit have been met. Plaintiff has exhausted his administrative remedies by timely filing a complaint with the Occupational Safety Health Association (**"OSHA"**). 210 days have elapsed since the filing of Plaintiff's OSHA complaint. Plaintiff may now seek *de novo* review from the Federal District Court.

## PARTIES

6. Plaintiff is an individual, and resides in Arapahoe County, Colorado.

7. Defendant is a Colorado Limited Liability Company.

8. Defendant is a wholly-owned subsidiary of Cummins, Inc.

9. Defendant lists its business address with the Colorado Secretary of State as 390 Interlocken Crescent, Suite 200, Broomfield, CO 80021.

10. Defendant has a place of business located in Adams County, Colorado at 8213 E. 96th Avenue, Henderson, Colorado 80640.

11. The acts and omissions described herein occurred in the course of Defendant's business.

12. Defendant is involved in an industry affecting commerce.

13. At all relevant times, Plaintiff was an employee of Defendant.

14. At all relevant times, Plaintiff was an "employee" as that term is defined in the STAA.

15. At all relevant times, Plaintiff was an "employer" as that term is defined in the STAA.

16. At all relevant times, Plaintiff drove trucks for Defendant that individually had gross vehicle weights of at least 10,001 pounds.

17. At all relevant times, Plaintiff drove trucks for the Defendant that each qualified as a "commercial motor vehicle" as that term is defined in the STAA.

## FACTS

18. In 2004, Plaintiff began working for the Defendant as an RV mechanic.

19. Plaintiff's duties involved driving trucks for the Defendant to various worksites.

20. The trucks carried tools and other supplies owned by the Defendant.

21. Beginning in 2012, Plaintiff complained to Defendant that Defendant was violating the FMCSR.

22. Specifically, Plaintiff told Defendant that work schedules for its drivers violated the FMCSR which requires drivers to receive 10 hours of rest after working for 14 hours.

23. Between 2012 and 2015, Plaintiff complained to Defendant about Defendant's violations of the FMCSR on numerous occasions.

24. Plaintiff complained to Defendant's employees including Joe Pekarek, Jeff Mattivi, Coy Goodwin, William Colby, Tim Smith, and Jessica Baker.

25. Plaintiff often made complaints about Defendant's FMCSR violations during Defendant's weekly safety meetings.

26. Plaintiff refused to work shifts that violated the FMCSR.

27. Despite Plaintiff's complaints, Defendant continued to violate the FMCSR.

28. On or about December 15, 2014, Plaintiff voiced his opposition to Defendant's violations of the FMCSR.

29. On or about December 16, 2014, Defendant refused Defendant's order to work in violation of the FMCSR.

30. In April 2014, Plaintiff injured his knee while working for Defendant.

31. Defendant instructed Plaintiff not to file a worker's compensation claim.

32. Plaintiff contacted Work Care, a service offered by Defendant for Defendant's injured workers.

33. Work Care instructed Plaintiff to take ibuprofen and ice his knee.

34. Plaintiff complied with Work Care's instructions.

35. By November 2014, the pain in Plaintiff's knee had become too much for Plaintiff to bear.

36. Plaintiff demanded to be seen by a worker's compensation doctor.

37. Again, Defendant discouraged Plaintiff from applying for worker's compensation benefits.

38. In December 2014, Plaintiff filed a worker's compensation claim to treat his knee.

39. By applying for worker's compensation benefits, Plaintiff exercised a statutory right of every injured employee in the State of Colorado.

40. In Colorado, an injured employee is granted the specific right to apply for and receive compensation for job related injuries under the Workmen's Compensation Act of Colorado (Colo. Rev. Stat. § 8-40-101 *et seq*.).

41. In January 2015, Defendant terminated Plaintiff for allegedly misusing a company vehicle.

42. In January 2015, Defendant terminated Plaintiff for his alleged misuse of a company vehicle.

43. Defendant's reasons for terminating Plaintiff are pretextual.

## COUNT I
### (Retaliation in Violation of the STAA, 49 U.S.C. § 31105)

44. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

45. Defendant routinely directed Plaintiff to violate 49 C.F.R. § 395.3 of the Federal Motor Carrier Safety Regulations.

46. Plaintiff routinely complained to Defendant regarding its violations of the Federal Motor Carrier Safety Regulations.

47. Plaintiff often refused Defendant's orders to work shifts that violated the Federal Motor Carrier Safety Regulations.

48. Defendant was aware or reasonably should have been aware that Plaintiff's refusal to work certain shifts was based on Plaintiff's belief that doing so would have violated federal and state safety regulations for commercial vehicles.

49. Plaintiff was terminated several weeks after his last refusal of Defendant's orders to violate the Federal Motor Carrier Safety Regulations.

50. Plaintiff suffered adverse employment actions as a result of Defendant's retaliation including termination.

51. Defendant's conduct as described above constitutes retaliation in violation of the STAA.

52. Defendant intentionally retaliated against Plaintiff in violation of the STAA.

53. Plaintiff is entitled to recover damages caused by Defendant's retaliation, including loss of past and future wages, loss of past and future benefits, loss of out of pocket expenses, and punitive damages.

54. Plaintiff is entitled to reasonable attorney fees and costs of prosecuting this action.

## COUNT II
### (Wrongful Termination in Violation of Public Policy – FMCSR)

55. Plaintiff incorporates all of the foregoing paragraphs as though fully set forth herein.

56. Defendant routinely instructed Plaintiff to violate 49 C.F.R. § 395.3.

57. 49 C.F.R. § 395.3, requires a driver to take ten hours of off time after working a fourteen-hour shift.

58. Defendant's orders contravene 49 C.F.R. § 395.3 which is designed to promote roadway safety for all individuals sharing the roads with commercial motor vehicles, as well as the drivers of commercial motor vehicles.

59. Plaintiff often refused Defendant's orders to violate 49 C.F.R. § 395.3.

60. Plaintiff often objected to Defendant's orders to violate 49 C.F.R. § 395.3.

61. Defendant was aware or reasonably should have been aware that Plaintiff's refusal to work certain shifts was based on Plaintiff's belief that doing so would have violated federal and state safety regulations for commercial vehicles.

62. Defendant terminated Plaintiff for his persistent refusal and objection to Defendant's orders to violate 49 C.F.R. § 395.3.

63.     Plaintiff suffered and continues to suffer actual damages as a result of Defendant's wrongful termination of Plaintiff.

## COUNT III
### (Wrongful Termination in Violation of Public Policy)

64.     Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

65.     Plaintiff suffered a job related injury.

66.     Defendant discouraged Plaintiff from applying for worker's compensation benefits.

67.     Under Colorado law, Plaintiff was entitled to apply for worker's compensation benefits.

68.     Plaintiff applied for and was granted worker's compensation benefits.

69.     Defendant was aware, or should have been aware, that Plaintiff's refusal to comply with Defendant's directive not to apply for worker's compensation benefits was based on Plaintiff's reasonable belief that to do so would have been a violation of Plaintiff's rights as a worker.

70.     Defendant retaliated against Plaintiff for seeking worker's compensation benefits by terminating Plaintiff.

71.     Defendant's retaliatory termination of Plaintiff violates clear public policy in Colorado that favors workers obtaining medical treatment for job related injuries through Colorado's Worker's Compensation System.

72.     Defendant's retaliatory termination of Plaintiff frustrates the purpose of the Workmen's Compensation Act of Colorado which provides a means for injured employees to obtain medical treatment for job related injuries without coercion, duress, or the fear of losing their job.

73. Plaintiff has suffered and continues to suffer damages as a result of Defendant's wrongful termination of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alfred Trujillo prays for relief and judgment, as follows:

1. Back pay in an amount to be determined at trial;
2. Front pay in lieu of reinstatement;
3. Compensatory and consequential damages as allowed;
4. Emotional distress damages as allowed;
5. Punitive damages as allowed;
6. Awarding Plaintiff pre-judgment and post-judgment interest;
7. Awarding Plaintiff reasonable attorney fees and costs; and
8. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff Alfred Trujillo is entitled to and hereby demands a trial by jury.

Dated: December 11, 2015

    Respectfully submitted,

/s/ Ahson B. Wali
Ahson B. Wali
Vedra Wali LLC
1435 Larimer St. Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: ahson.wali@vwfirm.com