IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02695-CBS

ALFRED TRUJILLO,

    Plaintiff,

v.

CUMMINS ROCKY MOUNTAIN, LLC,

    Defendant.

## ANSWER

Defendant Cummins Rocky Mountain, LLC ("Cummins"), answers Plaintiff Alfred Trujillo's Complaint ("Complaint") as follows:

### RESPONSES TO SPECIFIC ALLEGATIONS IN THE COMPLAINT

Cummins denies each and every allegation, claim, and thing contained in the Complaint, except as hereafter expressly admitted, qualified, or explained.

### INTRODUCTION

1.    Cummins admits Plaintiff's employment was terminated for legitimate and lawful reasons and admits Plaintiff purports to bring claims under the Surface Transportation Assistance Act and for wrongful termination in violation of public policy. Cummins denies that it has violated any law with respect to Plaintiff's employment and denies the remaining allegations in Paragraph 1 of the Complaint.

### JURISDICTION

2.    Cummins admits the allegations in Paragraph 2 of the Complaint.

3. Cummins admits the allegations in Paragraph 3 of the Complaint.

4. Cummins admits venue is proper in this Court and admits Cummins transacts business in Colorado. Cummins denies the remaining allegations in Paragraph 4 of the Complaint.

5. Cummins admits, upon information and belief, that Plaintiff filed a complaint with the United States Department of Labor, Occupational Safety and Health Administration, and admits more than 210 days have elapsed since then. Cummins denies the remaining allegations in Paragraph 5 of the Complaint.

## PARTIES

6. Cummins is without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. Cummins admits the allegations in Paragraph 7 of the Complaint.

8. Cummins admits the allegations in Paragraph 8 of the Complaint.

9. Cummins admits the allegations in Paragraph 9 of the Complaint.

10. Cummins admits it has a place of business at 8211 E. 96th Avenue, Henderson, Colorado 80640, which is in Adams County. Cummins denies the remaining allegations in Paragraph 10 of the Complaint.

11. Cummins denies the allegations in Paragraph 11 of the Complaint.

12. Cummins admits the allegations in Paragraph 12 of the Complaint.

13. Cummins admits it employed Plaintiff from January 2004 until January 7, 2015. Cummins denies the remaining allegations in Paragraph 13 of the Complaint

14. Cummins denies the allegations in Paragraph 14 of the Complaint.

15. Cummins admits it employed Plaintiff from January 2004 until January 7, 2015. Cummins denies the remaining allegations in Paragraph 15 of the Complaint.

16. Cummins admits Plaintiff's job for Cummins included at times driving vehicles that individually weighed at least 10,001 pounds, at times driving vehicles that weighed less, and other duties. Cummins denies the remaining allegations in Paragraph 16 of the Complaint.

17. Cummins denies the allegations in Paragraph 17 of the Complaint.

## FACTS

18. Cummins admits it hired Plaintiff in January 2004 as a Service Technician. Cummins denies the remaining allegations in Paragraph 18 of the Complaint.

19. Cummins admits Plaintiff worked as a Power Generation Technician from January 2012 until his employment ended and admits his job duties included, among other things, at times driving a Cummins-owned service vehicle to customer locations. Cummins denies the remaining allegations in Paragraph 19 of the Complaint.

20. Cummins admits the allegations in Paragraph 20 of the Complaint.

21. Cummins denies the allegations in Paragraph 21 of the Complaint.

22. Cummins denies the allegations in Paragraph 22 of the Complaint.

23. Cummins denies the allegations in Paragraph 23 of the Complaint.

24. Cummins denies the allegations in Paragraph 24 of the Complaint.

25. Cummins denies the allegations in Paragraph 25 of the Complaint.

26. Cummins denies the allegations in Paragraph 26 of the Complaint.

27. Cummins denies the allegations in Paragraph 27 of the Complaint.

28. Cummins denies the allegations in Paragraph 28 of the Complaint.

29. Cummins denies the allegations in Paragraph 29 of the Complaint.

30. Cummins is without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31. Cummins denies the allegations in Paragraph 31 of the Complaint.

32. Upon information and belief, Cummins admits Plaintiff contacted WorkCare in April 2014 and admits WorkCare provides occupational health services to Cummins and its employees. Cummins denies the remaining allegations in Paragraph 32 of the Complaint.

33. Cummins is without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34. Cummins is without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35. Cummins is without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36. Cummins is without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37. Cummins denies the allegations in Paragraph 37 of the Complaint.

38. Cummins admits Plaintiff filed a workers' compensation claim in December 2014 relating to an alleged knee injury. Cummins denies the remaining allegations in Paragraph 38 of the Complaint.

39. Cummins admits Colorado employees have the right to apply for workers' compensation benefits. Cummins denies the remaining allegations in Paragraph 39 of the Complaint.

40. Cummins admits Colorado employees have the right to seek and receive workers' compensation benefits for work-related injuries provided statutory and other eligibility criteria are met. Cummins denies the remaining allegations in Paragraph 40 of the Complaint.

41. Cummins admits it terminated Plaintiff's employment in January 2015 for misconduct that included but was not limited to misusing a company service vehicle and conducting personal business on company time. Cummins denies the remaining allegations in Paragraph 41 of the Complaint.

42. Cummins admits it terminated Plaintiff's employment in January 2015 for misconduct that included but was not limited to misusing a company service vehicle and conducting personal business on company time. Cummins denies the remaining allegations in Paragraph 42 of the Complaint.

43. Cummins denies the allegations in Paragraph 43 of the Complaint.

### COUNT I
### (Retaliation in Violation of the STAA, 49 U.S.C. § 31105)

44. Cummins incorporates by this reference its responses to the preceding allegations as if fully restated herein.

45. Cummins denies the allegations in Paragraph 45 of the Complaint.

46. Cummins denies the allegations in Paragraph 46 of the Complaint.

47. Cummins denies the allegations in Paragraph 47 of the Complaint.

48. Cummins denies the allegations in Paragraph 48 of the Complaint.

49. Cummins denies the allegations in Paragraph 49 of the Complaint.

50. Cummins denies the allegations in Paragraph 50 of the Complaint.

51. Cummins denies the allegations in Paragraph 51 of the Complaint.

52. Cummins denies the allegations in Paragraph 52 of the Complaint.

53. Cummins denies the allegations in Paragraph 53 of the Complaint.

54. Cummins denies the allegations in Paragraph 54 of the Complaint.

## COUNT II
### (Wrongful Termination in Violation of Public Policy-FMCSR)

55. Cummins incorporates by this reference its responses to the preceding allegations as if fully restated herein.

56. Cummins denies the allegations in Paragraph 56 of the Complaint.

57. Cummins states that 49 C.F.R. § 395.3 speaks for itself.  Cummins denies the remaining allegations in Paragraph 57 of the Complaint.

58. Cummins denies the allegations in Paragraph 58 of the Complaint.

59. Cummins denies the allegations in Paragraph 59 of the Complaint.

60. Cummins denies the allegations in Paragraph 60 of the Complaint.

61. Cummins denies the allegations in Paragraph 61 of the Complaint.

62. Cummins denies the allegations in Paragraph 62 of the Complaint.

63. Cummins denies the allegations in Paragraph 63 of the Complaint.

## COUNT III
### (Wrongful Termination in Violation of Public Policy)

64. Cummins incorporates by this reference its responses to the preceding allegations as if fully restated herein.

65. Cummins admits Plaintiff filed a workers' compensation claim relating to an alleged work-related injury in December 2014.  Cummins is without knowledge or information

sufficient to form a reasonable belief as to the truth of the remaining allegations in Paragraph 65 of the Complaint.

66. Cummins denies the allegations in Paragraph 66 of the Complaint.

67. Cummins admits Colorado law permits individuals to apply for workers' compensation benefits. Cummins denies the remaining allegations in Paragraph 67 of the Complaint.

68. Cummins admits the allegations in Paragraph 68 of the Complaint.

69. Cummins denies the allegations in Paragraph 69 of the Complaint.

70. Cummins denies the allegations in Paragraph 70 of the Complaint.

71. Cummins denies the allegations in Paragraph 71 of the Complaint.

72. Cummins denies the allegations in Paragraph 72 of the Complaint.

73. Cummins denies the allegations in Paragraph 73 of the Complaint, denies each and every Complaint allegation not expressly admitted in this Answer, and denies that Plaintiff is entitled to relief in this action as requested in the Complaint section titled, "Prayer for Relief," or otherwise.

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

For additional and/or affirmative defenses to the Complaint, Cummins states and alleges as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state claims upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and/or unclean hands.

## THIRD DEFENSE

Plaintiff's claims for damages may be barred, in whole or in part, by any failure to mitigate and any after-acquired evidence discovered.

## FOURTH DEFENSE

To the extent the Complaint raises issues outside the scope of or not set forth in Plaintiff's administrative charge on a claim for which Plaintiff is required to pursue and exhaust administrative remedies, that claim is barred by Plaintiff's failure to pursue and exhaust administrative remedies.

## FIFTH DEFENSE

Plaintiff's asserted damages are preempted, limited, or restricted, in whole or in part, by statute and applicable law.

## SIXTH DEFENSE

To the extent any of Plaintiff's claims is untimely under the applicable statute of limitations, those claims are barred.

## SEVENTH DEFENSE

Plaintiff was an at-will employee and the termination of his employment did not violate any public policy recognized in this jurisdiction.

**EIGHTH DEFENSE**

All employment actions that affected Plaintiff were taken in good faith and for legitimate, non-retaliatory, and lawful reasons.

**NINTH DEFENSE**

Any act or omission by Cummins with respect to Plaintiff was taken in good faith and with reasonable grounds to believe it was not in violation of applicable law.

**TENTH DEFENSE**

Plaintiff's claim for wrongful termination in violation of public policy is precluded to the extent a federal statutory remedy exists.

**ELEVENTH DEFENSE**

Cummins alleges there is no basis upon which Plaintiff is entitled to recover punitive damages against Cummins, and any such amount would be in violation of state and federal constitutional rights.

**TWELFTH DEFENSE**

Cummins alleges there is no basis upon which Plaintiff is entitled to recover attorneys' fees from Cummins.

Cummins gives notice it intends to rely upon any such other defenses as may become apparent or available during discovery proceedings in this case and reserves the right to amend its Answer or take other appropriate steps to assert any such defenses.

WHEREFORE, Defendant, Cummins Rocky Mountain, LLC, prays for judgment in its favor, for its costs and expenses incurred herein, and for such other relief as this Court deems just and equitable.

DATED this 29th day of January, 2016.

*s/ Sarah Benjes*
Craig M. Borowski
Sarah Benjes
FAEGRE BAKER DANIELS LLP

300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:  (317) 237-0300
Fax: (317) 237-1000
E-Mail: craig.borowski@FaegreBD.com

3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203-4532
Telephone:  (303) 607-3500
Fax: (303) 607-3600
E-Mail: sarah.benjes@FaegreBD.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2016, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system and served it on the following via the ECF/CM system:

- **Ahson B. Wali**
  Ahson.wali@vwfirm.com

*s/ Sandy O'Connell*
Legal Administrative Assistant

10417089803